UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHERRYBERRY, LLC                              CIVIL ACTION

VERSUS                                        NO. 10-4403

JOHN DOE, ET AL                               SECTION "F"

ORDER & REASONS

Before the Court is the defendants' motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer. For the following reasons, the motion to dismiss is GRANTED.

**Background**

This case arises out of an interstate trademark dispute. Cherryberry LLC, the plaintiff, has operated several frozen yogurt establishments in Louisiana since 2008.  Its trade name Cherryberry and its double-cherry trademark are both registered in Louisiana. In 2009, a representative of the  defendant, an Oklahoma-based company also named Cherryberry LLC, called the plaintiff to discuss the possibility of purchasing franchise rights to the plaintiff's concept and trade property.[1]  The parties did not reach an agreement.

Plaintiff alleges that after this phone call, the defendant knowingly and in bad faith misappropriated and converted its trade name and trademark.  Plaintiff claims that the defendant then began

_____

[1]  According to the defendant, this phone call took place in 2010, and the parties discussed the formation of an intercompany agreement.

1

to sell franchise rights in six states, including Oklahoma, Arkansas, Illinois, Missouri, Texas, and Utah. Plaintiff names four franchisees as defendants. Plaintiff claims that defendants' franchise agreements include the use of plaintiff's previously-registered trade name and trademark; plaintiff further claims that the defendants are using, or plan to use, its trade name and trademark in a manner that will dilute its mark and result in confusion, unfair competition, and economic injury. Plaintiff contends this will all result in defendants' unjust enrichment and alleges a number of injuries to its own interest.

Defendant Cherryberry LLC, on the other hand, urges that it was already operating its own frozen yogurt business at the time it called the plaintiff and, after this phone call was unsuccessful, decided not to expand its growing business into Louisiana. It points out that neither it nor any of the other defendants is licensed or doing business in Louisiana; all defendants insist on a complete lack of contacts to the state. Plaintiff does not contest these facts.

Asserting a lack of contacts with the forum, the defendants move the Court to dismiss plaintiff's complaint for lack of personal jurisdiction. They alternatively move for transfer of venue to the Northern District of Oklahoma.

## **Law & Analysis**

### I.

2

When nonresidents like the Cherryberry defendants move to dismiss for lack of personal jurisdiction, the plaintiff seeking to invoke the jurisdiction of this Court bears the burden of establishing it.  See Luv N' Care v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006).  The plaintiff may meet its burden by presenting a prima facie case for personal jurisdiction where, as here, the Court decides the matter without an evidentiary hearing.  Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994).  The Court will take all uncontroverted allegations in the complaint as true and resolve any conflicts in the plaintiff's favor.  Id.  The Court is not restricted to pleadings, but may consider affidavits, interrogatories, depositions, or any other appropriate method of discovery.[2]  Id.; see Jobe v. ATR Marketing, Inc., 87 F.3d 751, 752 (5th Cir. 1996).

The Court may exercise personal jurisdiction over a nonresident defendant only if two requirements are satisfied:  (1) the forum state's long-arm statute confers personal jurisdiction; and (2) the exercise of jurisdiction does not exceed the boundaries of Due Process.  See Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 270 (5th Cir. 2006).  Because the limits of Louisiana's long-arm statute are co-extensive with the limits of constitutional due process, the inquiry is simply whether this Court's exercise of

---

[2]  Here, in addition to their pleadings, the Court considers affidavits submitted.

jurisdiction over the defendants would offend due process.  <u>See</u> La. R.S. 13:3201(B);  <u>Luv N' Care</u>, 438 F.3d at 469; <u>see also</u> <u>Electrosource, Inc. v. Horizon Battery Techs., Ltd.</u>, 176 F.3d 867, 871 (5th Cir. 1999).

The Due Process Clause limits the Court's power to assert personal jurisdiction over a nonresident defendant.  <u>Helicopteros</u> <u>Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 413-14 (1994). That is, a nonresident defendant must have meaningful minimum "contacts, ties, or relations" with the forum state in order for jurisdiction to be constitutional.  <u>See</u> <u>Luv N' Care</u>, 438 F.3d at 469 (citing <u>Int'l Shoe Co. v. Wash.</u>, 326 U.S. 310, 319 (1945)). The minimum contacts analysis asks whether the nonresident defendant purposefully availed himself of the benefits and protections of the forum.  <u>Wilson v. Belin</u>, 20 F.3d 644, 647 (5th Cir. 1994).

The minimum contacts test takes two forms, and the constitutional limitations on the exercise of personal jurisdiction differ depending on whether a court seeks to exercise general or specific jurisdiction over the defendant.  Regardless of whether the lawsuit is related to the defendant's contacts with the forum, courts may exercise general jurisdiction over any lawsuit brought against a defendant that has "continuous and systematic general . . . contacts" with the forum state.  <u>See</u> <u>Seiferth</u>, 472 F.3d at 271 (citing <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466

4

408, 413-14 (1984)).  "If", on the other hand, "a defendant has relatively few contacts, a court may still exercise specific jurisdiction 'in a suit arising out of or related to the defendant's contacts with the forum.'"  Id.  General jurisdiction focuses on incidents of continuous activity within the disputed forum; specific jurisdiction is more constrained by virtue of a very limited nexus with the forum.  When a defendant has a strong relationship to the litigated claim and the claim has a strong relationship with the forum, the Court will have specific jurisdiction.  The parties' arguments turn on whether the Court may exercise specific jurisdiction over the defendants.

II.

The Court may exercise specific jurisdiction over a defendant who has "minimum contacts" with the forum state if maintaining the suit would not "offend traditional notions of fair play and substantial justice."  See Luv N' Care, 438 F.3d at 469 (citing Int'l Shoe Co. v. Wash., 326 U.S. at 319).  Specific jurisdiction exists when the plaintiff shows that the defendant has purposely directed its activities toward the forum state and that its cause of action arises out of or results from the defendant's forum-related contacts.  Id. (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) and Nuovo Pignone v. STORMAN ASIA M/V, 310 F.3d 374 (5th Cir. 2002)) (internal quotation marks omitted).  Once the plaintiff makes this preliminary showing, personal jurisdiction

will lie unless the defendant can show that the exercise of jurisdiction would be unfair or unreasonable.  Id.

III.

The plaintiff claims that specific jurisdiction lies over all defendants based on the defendants' intentional torts that followed defendant Cherryberry's phone call.  Plaintiff contends defendants' use of its trademark without permission amounts to the intentional conversion of its property under Louisiana law.  The plaintiff asserts that Calder v. Jones, 465 U.S. 783 (1984), authorizes the exercise of specific jurisdiction over a defendant who engages in intentional tortious conduct intended to injure the plaintiff in the forum state.

But Calder is more limited in scope than the plaintiff suggests.  In Calder, a professional entertainer in California brought suit for defamation and related torts against the author and editor of an article, both of whom were based in Florida. Their article was published in a nationally-distributed newspaper with its highest circulation in California.  In unanimously holding that a California district court could exercise its personal jurisdiction over the author and editor, the U.S. Supreme Court noted:

> The allegedly libelous story concerned the
> California activities of a California
> resident.  It impugned the professionalism of
> an entertainer whose television career was
> centered in California.  The article was drawn
> from California sources, and the brunt of the

> harm, in terms both of respondent's emotional
> distress and the injury to her professional
> reputation, was suffered in California.   In
> sum, California is the focal point both of the
> story and of the harm suffered.

Id. at 788-89.  Also compelling to the High Court was that the author and editor prepared for publication an article which they knew would have a potentially devastating impact upon the entertainer:  "they knew the brunt of that injury would be felt by [the entertainer] in the State in which she lives and works."  Id. at 790-791.

The U.S. Court of Appeals for the Fifth Circuit has held that the "effects" test of Calder is "not a substitute for a nonresident's minimum contacts that demonstrate purposeful availment of the benefits of the forum state."  Allred v. Moore & Peterson, 117 F.3d 278, 286 (5th Cir. 1997).  Instead, Calder's applicability is limited to cases in which "allegedly tortious acts . . . were expressly aimed at the forum state and the nonresident defendants knew that their acts would have an impact on the plaintiff in the forum state."  Id.  "Foreseeable injury alone is not sufficient to confer specific jurisdiction, absent the direction of specific acts toward the forum."  Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 212 (5th Cir. 1999).

The Court finds that personal jurisdiction is lacking here over all defendants.  This is not a case in which the defendants' expressly aimed tortious activities toward the State of Louisiana;

indeed, plaintiff complains of entirely out-of-state activities with completely out-of-state effects, and the defendants have purposefully avoided availing themselves of the benefits of this forum, they claim, to avoid a legal conflict with the plaintiff. Though plaintiff's claims may very well have merit—that is not for the Court to decide on this motion—the plaintiff has not made its minimal showing of how personal jurisdiction over the defendants is proper here. A phone call resulting in no business agreement is not enough.[3] Because defendants' phone call to the plaintiff, without more, does not amount to the purposeful availment necessary to establish personal jurisdiction,

---

[3] The plaintiff also urges that specific jurisdiction lies over the defendant Cherryberry LLC based on a different phone call mentioned briefly in the affidavit of Virginie Nguyen. In that phone call, Ms. Nguyen claims that she called an employee of the defendant, and that at that time the defendant offered to purchase her business. This, plaintiff urges, is evidence that the defendant injected itself into Louisiana's stream of commerce. The Court disagrees. Setting aside its hesitation to recognize personal jurisdiction over one of the defendants based on an act initiated by an employee of the plaintiff, the Court observes that "[a]n exchange of communications in the course of developing and carrying out a contract also does not, by itself, constitute the required purposeful availment." Moncrief Oil Intern. Inc. V. OAO Gazprom, 481 F.3d 309, 312 (5th Cir. 2007) (discussing Texas long-arm statute, which, like Louisiana, extends personal jurisdiction to the permissible limits of the Due Process Clause). Based on this principle, the Court concludes that one or two brief phone calls in which no contract was formed do not, standing alone or in an isolated pair, give rise to personal jurisdiction in this forum.

IT IS ORDERED:  The defendants' motion to dismiss is GRANTED.

IT IS FURTHER ORDERED:  The plaintiff's complaint is therefore DISMISSED for lack of personal jurisdiction.[4]


New Orleans, Louisiana, January 31, 2011.


_____

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE


---

[4]  Although the Court may transfer venue to another district in which personal jurisdiction does lie if it is in the interest of justice, Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962); Ellis v. Great Southwestern Corp., 646 F.2d 1099, 1107 (5th Cir. 1981); see 28 U.S.C. § 1406(a) (2006) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."), it declines to do so here.  Plaintiff has made no showing that transfer would be in the interests of justice.